01
02
03
04

05            UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
06                      AT SEATTLE

07  LOT VAN VO,                        )   CASE NO. C06-1639-RSL
                                       )
08            Petitioner,              )
                                       )
09       v.                            )   REPORT AND RECOMMENDATION
                                       )
10  MICHAEL CHERTOFF, et al.,          )
                                       )
11            Respondents.             )
    _____)

12

13          I. INTRODUCTION AND SUMMARY CONCLUSION

14       On November 13, 2006, petitioner Lot Van Vo, proceeding through counsel, filed a

15  Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness and

16  basis of his continued detention during his removal proceedings by the U.S. Immigration and

17  Customs Enforcement ("ICE"). (Dkt. #1). On December 18, 2006, respondents filed a motion

18  to dismiss, asserting that after petitioner filed his habeas petition, the Immigration Court entered

19  a final order of removal, and petitioner waived his right to appeal. Respondents argue that

20  petitioner is subject to mandatory detention under Section 241(a) of the Immigration and

21  Nationality Act ("INA"), 8 U.S.C. 1231(a), and that the issues raised in his habeas petition are

22  moot. (Dkt. #9). Petitioner now requests that his habeas petition be dismissed without prejudice.

REPORT AND RECOMMENDATION
PAGE -1

01 (Dkt. #14).

02 Having carefully reviewed the entire record, I recommend that petitioner's habeas petition
03 (Dkt. #1) be DENIED, that respondents' motion to dismiss (Dkt. #9) be GRANTED, and that this
04 action be dismissed without prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

06 Petitioner is a native and citizen of Vietnam who entered the United States on September
07 28, 1987, as a refugee when he was seven years old. (Dkt. #11 at L144-45). On July 26, 1989,
08 he was granted lawful permanent resident status retroactive to his date of entry. (Dkt. #11 at
09 L145, R17). On October 23, 1998, petitioner was convicted in the Superior Court of California
10 of First Degree Murder and of Conspiracy to Commit a Crime. (Dkt. #11 at R72-92).

11 On August 10, 2005, petitioner applied for admission to the United States as a returning
12 lawful permanent resident at the San Francisco International Airport, and was temporarily paroled
13 for deferred inspection at the Deferred Inspection Office in San Francisco. (Dkt. #11 at L136-40).
14 On September 7, 2005, ICE issued a Notice to Appear, charging petitioner with removability from
15 the United States under INA § 212(a)(2)(A)(i)(I), for having been convicted a crime involving
16 moral turpitude. (Dkt. #11 at L24).

17 On July 7, 2006, the Immigration Judge ("IJ") issued a written decision finding petitioner
18 ineligible for withholding of removal and withholding under the Convention Against Torture,
19 based on his conviction for a particularly serious crime. The IJ found, however, that petitioner
20 qualified for a grant of deferred removal under the Convention Against Torture because he had
21 demonstrated that it is more likely than not that he would be tortured if returned to Vietnam.
22 (Dkt. #11 at L152-191). Petitioner appealed the IJ's decision to the Board of Immigration

REPORT AND RECOMMENDATION
PAGE -2

Appeals ("BIA"). On October 23, 2006, the BIA issued a decision dismissing the appeal and remanding the case to the IJ for the sole purpose of ordering petitioner removed from the United States. On November 20, 2006, the IJ ordered petitioner removed from the United States, and petitioner waived his right to appeal. (Dkt. #9, Ex. A).

### III. DISCUSSION

On November 20, 2006, after petitioner filed his habeas petition, the Immigration Court entered a final order of removal, and petitioner waived his right to appeal. (Dkt. #14). Accordingly, the removal period has commenced, and petitioner's detention is lawful under INA § 241(a), 8 U.S.C. § 1231(a).

"When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'" *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004)(citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)); INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following:

(i) <u>The date the order of removal becomes administratively final</u>.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added); s*ee also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement."). During the removal period, continued detention is statutorily

REPORT AND RECOMMENDATION
PAGE -3

required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Where removal cannot be accomplished within the ninety-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6). In *Zadvydas* the Supreme Court determined that, beyond those ninety days, the government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). After the six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In the present case, the IJ entered a final order of removal on November 20, 2006, thereby commencing the removal period. *See* INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii). Accordingly, petitioner's ninety-day removal period expired on or about February 20, 2007, and the six month presumptively reasonable period will expire on or about May 20, 2007. Accordingly, petitioner's detention is lawful, and the Court must deny habeas relief. IV.

## CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and that this action be dismissed without prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 29th day of March, 2007.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -4